UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHELLE LANDWEHR,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>ALLSTATE INDEMNITY COMPANY,<br><br>　　　　　　　Defendant. | CASE NO. 2:25-cv-01608-LK<br><br>ORDER GRANTING IN PART STIPULATED MOTION TO STAY LITIGATION |

This matter comes before the Court on the parties' Stipulated Motion to Stay Litigation. Dkt. No. 13. The parties ask that this litigation be stayed until April 17, 2026, "to allow the parties an opportunity to resolve the claim." *Id.* at 1. For the reasons explained below, the motion is granted in part.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The Court "may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it." *Leyva v. Certified Grocers of Cal., Ltd.*, 593

ORDER GRANTING IN PART STIPULATED MOTION TO STAY LITIGATION - 1

F.2d 857, 864 (9th Cir. 1979). In considering whether to grant a stay, courts consider several factors, including "the possible damage which may result," "the hardship or inequity which a party may suffer in being required to go forward," and "the orderly course of justice[.]" *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

A stay is appropriate here because a short delay in proceedings will not cause any damage, nor any hardship or inequity to any party, and will promote the orderly course of justice; indeed, if the parties are able to resolve this matter in the interim, it will result in significant savings of the parties' and the Court's resources.[1] But the parties make no effort to explain why they need six months to potentially resolve the claim here. The Court thus GRANTS IN PART the parties' motion. Dkt. No. 13. All upcoming case deadlines in the Court's prior order, Dkt. No. 12, are stayed until January 20, 2026. Should the case reach a settlement, the parties must notify the Court in accordance with the Court's Standing Order for All Civil Cases. *See* Dkt. No. 11-1 at 3. Otherwise, by January 20, 2026, Allstate must show cause why this case should not be dismissed for lack of subject matter jurisdiction.

Dated this 20th day of October, 2025.

Lauren King
United States District Judge

---

[1] The Court notes that Allstate has failed to establish subject matter jurisdiction here. Specifically, it has not addressed the proper standards for citizenship for Ms. Landwehr or for itself, *see Pollak v. Allstate Property and Casualty Insurance Company*, No. 2:25-cv-01575, Dkt. No. 12 (W.D. Wash. Sept. 22, 2025), and it does not establish that the amount in controversy exceeds $75,000. A dispute over $27,407.58 in personal property benefits, Consumer Protection Act damages of $25,000, and unspecified other amounts does not satisfy 28 U.S.C. § 1332(a). *See Kroll v. State Farm Fire & Casualty Company*, No. 2:25-CV-01550-LK, 2025 WL 2939311, at *1 (W.D. Wash. Oct. 15, 2025). And while Allstate is correct that the Consumer Protection Act authorizes statutory damages of up to "three times the actual damages sustained," Wash. Rev. Code § 19.86.090, "multiple awards of exemplary damages are not authorized by the statute where more than one [Consumer Protection Act] violation results in a single harm." *Edmonds v. John L. Scott Real Est., Inc.*, 942 P.2d 1072, 1081 (Wash. Ct. App. 1997); *see also Larsen v. PTT, LLC*, No. 3:18-CV-05275-TMC, 2025 WL 1654351, at *8 (W.D. Wash. June 11, 2025) (enhanced damages are permissible for each CPA *injury* suffered by a plaintiff, not each independent *theory* of how the CPA was violated). Thus, to the extent the parties wish to lift the stay and/or dismiss this case with prejudice, Allstate must first show cause why the case should not be dismissed for lack of subject matter jurisdiction.

ORDER GRANTING IN PART STIPULATED MOTION TO STAY LITIGATION - 2