UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHELLE LANDWEHR,<br><br>        Plaintiff,<br>    v.<br><br>ALLSTATE INDEMNITY COMPANY,<br><br>        Defendant. | CASE NO. 2:25-cv-01608-LK<br><br>ORDER GRANTING STIPULATED MOTION TO CONTINUE STAY |

This matter comes before the Court on the parties' Stipulated Motion to Continue Stay. Dkt. No. 20. The parties ask that the "Court continue the litigation stay until April 3, 2026." *Id.* at 1. For the reasons explained below, the motion is granted.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The Court "may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). In considering whether to grant a stay, courts consider several

ORDER GRANTING STIPULATED MOTION TO CONTINUE STAY - 1

factors, including "the possible damage which may result," "the hardship or inequity which a party may suffer in being required to go forward," and "the orderly course of justice[.]" *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

The parties request that the stay be continued because they "have been actively working to resolve this matter . . . and are currently engaged in ongoing settlement discussions" and "because Plaintiff [recently] provided new information regarding her claim[,]" which "Allstate is working diligently to . . . review and assess[][.]" Dkt. No. 20 at 1. A stay is appropriate here because a short delay in proceedings will not cause any damage, nor any hardship or inequity to any party, and will promote the orderly course of justice; indeed, if the parties are able to resolve this matter in the interim, it will result in significant savings of the parties' and the Court's resources. The Court thus GRANTS the parties' motion. Dkt. No. 20. All upcoming case deadlines in the Court's prior order, Dkt. No. 12, are stayed until April 3, 2026. Should the case reach a settlement, the parties must notify the Court in accordance with the Court's Standing Order for All Civil Cases. *See* Dkt. No. 11-1 at 3.

Dated this 29th day of January, 2026.

Lauren King
United States District Judge

ORDER GRANTING STIPULATED MOTION TO CONTINUE STAY - 2